UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LORRIE BIGGS, | Case No.: 6:18-cv-506-MK |
| Plaintiff, | OPINION and ORDER |
| v. | |
| CITY OF ST. PAUL, an Oregon Municipal Corporation; KIMBALL WALLIS, an Individual; and LAURA SCHROEDER, an Individual, | |
| Defendants. | |
| LEE KOCH, | Case No.: 6:18-cv-507-MK |
| Plaintiff, | OPINION and ORDER |
| v. | |
| CITY OF ST. PAUL, an Oregon Municipal Corporation; KIMBALL WALLIS, an Individual; and LAURA SCHROEDER, an Individual, | |
| Defendants. | |

1 – OPINION AND ORDER

KASUBHAI, Magistrate Judge:

Plaintiff Lee Koch and Plaintiff Lorrie Biggs (together, Plaintiffs) filed independent actions alleging violations of 42 U.S.C. § 1983 against their former employer, Defendant City of St. Paul, Oregon ("City"), and Kimball Wallis and Laura Schroeder (together, Defendants), alleging violations of the First Amendment of the United States Constitution, and various violations of state law whistleblower and common law claims. Defendants also moved to strike certain allegations from the pleadings pursuant to Federal Rule of Civil Procedure 12(f)(2) ("Rule 12(f)(2)"). Because the Court recommended dismissing Biggs' Amended Complaint in a separate Findings and Recommendation, Defendants' motion to strike is **DENIED** without prejudice as moot as to **Biggs**. As to **Koch**, Defendants' motion to strike is **DENIED** without prejudice to raise privilege issues at a later stage of the litigation.

*Standard of Review*

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) serves to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (*quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993, *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). However, motions to strike are generally disfavored and infrequently granted. *Legal Aid Servs of Or. V. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel Contreras v. County of Glen*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (*quoting Bassett v.*

*Ruggles et al.*, 2009 WL 2982895 at *24 (E.D.Cal. Sept. 14, 2009). Motions to strike pleadings are non-dispositive and may be ruled upon by a magistrate judge by order. *E.g.*, *Agan v. Katzman & Korr, P.A.*, 328 F.Supp.2d 1363, 1365 n. 1 (S.D. Fla. 2004).

### A. Relevant Procedural History

In response to Plaintiffs' initial complaints, Schroeder filed Rule 12(f) motions to strike.[1] On September 4, 2018, after Plaintiffs were ordered to file amended complaints, those motions to strike were denied as moot and without prejudice.[2] To the extent Defendants attempt to revive and reincorporate the motions and briefing filed in response to Plaintiffs' initial complaints and denied as moot, the Court does not consider these. *See* Local Rule 7-1(b) ("Motions may not be combined with any response, reply, or other pleading.").

### B. Analysis

Defendants argue that the Plaintiffs' Amended Complaints contain numerous statements that are subject to the attorney-client privilege and which should, therefore, be stricken pursuant to Rule 12(f)(2). Defendants argue that Plaintiffs do not have the authority to disclose protected communications between Schroeder and Plaintiffs, or between Schroeder and other City employees or officials. Plaintiffs argue that: (1) Schroeder does not have standing to assert attorney-client privilege on behalf of City; (2) attorney-client privilege does not apply to communications made in furtherance of committing a crime, tort, or fraud, and the facts alleged show that City used its attorney to commit a tort; (3) statements regarding allegations of over-billing or that are related to excessive or unauthorized attorney fees are not privileged

---

[1] *Koch v. City of St. Paul*, 6:18-cv-507, ECF 12; *Biggs v. City of St. Paul*, 6:18-cv-506, ECF 12.
[2] *Koch v. City of St. Paul*, 6:18-cv-507, ECF 40; *Biggs v. City of St. Paul*, 6:18-cv-506, ECF 38.

3 – OPINION AND ORDER

communications; and (4) statements made by Schroeder while acting in a human resources or employee management, or investigator capacity are not subject to the privilege.

The attorney-client privilege applies where legal advice of any kind is sought from an attorney acting in her professional capacity as a legal advisor and the communications relating to that purpose are made in confidence with the client insisting on permanent protection from disclosure. *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir. 1977). Communications made by an entity's employees to the entity's counsel (acting as the entity counsel) at the direction of superiors in order to secure legal advice from counsel are protected. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981). The privilege is strictly construed. *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). Courts employ an eight-part test to determine whether information is protected by the privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Communications that enable or aid the client to commit a tort or crime, regardless of the attorney's good faith, are not protected. *In re Heuwetter*, 584 F. Supp. 119, 127 (S.D.N.Y. 1984). Likewise, communications that trigger retaliatory conduct are excepted from the privilege. See Becker v. Willamette Cmty. Bank, 2014 WL 2949334, at *2 (D. Or. June 30, 2014) (application of the privilege would prohibit plaintiff from pursuing a retaliation claim because she would be completely barred from proving the conduct or speech that allegedly triggered the retaliation).

This Court assumes that an attorney may assert the privilege of confidentiality on behalf of her client. *See* Or. Rev. State. § 40.225(3); *United States v. Judson*, 322 F.2d 460, 467 (9th

Cir. 1963). Regardless, in the motion now pending before this court, all Defendants, including the privilege holder, City, appear to be asserting the privilege. This Court also assumes that statements regarding attorney fees and billing are not privileged unless the statements included privileged information beyond the general nature of the work, time spent, amount billed, and fee arrangement. *See Clarke v. American Commerce Nat. Bank*, 974 F.2d 127 (9th Cir. 1992).

Because this Court has recommended that certain claims in Koch's Amended Complaint should survive Defendants' motion to dismiss, while other should not survive, the Court has carefully reviewed surviving claims to determine whether the claims relied upon any attorney-client privileged communications. The Court finds that the following alleged communications do not fall under the attorney-client privilege because they either suggest tortious retaliatory conduct, or are not legal advice:

- Schroeder told Koch staff were not allowed in executive meetings, ECF 42. ¶ 8(mm)[3];
- Schroeder demanded Koch turn over the official audio recording from a City Council meeting. ECF 42, ¶ 7(s);
- Wallis sent an e-mail stating that Schroeder had "instructed" that Koch was no longer allowed to sit at council table during Council meetings. ECF 42, ¶8(zz);
- Wallis stated that Schroeder had advised against giving staff reviews due to pending discrimination litigation. ECF 42, ¶ 8(ggg);

The Court declines, at this time, to review any remaining communications that may be subject to the attorney-client privilege.

---

[3] *Koch v. City of St. Paul*, 6:18-cv-507

5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, Defendants' motion to strike is DENIED as to Koch's Amended Complaint, and DENIED as moot as to Biggs' Complaint.

DATED this 8th of March 2019.

 s/Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge